### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARLOS G. FIGUEROA,**

          **Plaintiff,**

**-vs-**                                       **Case No.  6:10-cv-842-Orl-22DAB**

**RSC CORPORATION a Florida**
**corporation d/b/a  Ace Wrecker Service,**

          **Defendant.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **SECOND AMENDED MOTION TO APPROVE SETTLEMENT (Doc. No. 32)** |
| **FILED:** | **April 19, 2011** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

       The parties filed a Notice of Settlement (Doc. No. 26) in this Fair Labor Standards Act ("FLSA") case, and the Court issued an Order directing the parties to file a motion for a fairness finding supported by the settlement agreement (Doc. No. 27), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  The parties filed their first motion for approval of the settlement (Doc. No. 28),  and the Court denied it, without prejudice, finding that the parties failed to articulate a basis for the compromise and failed to provide any support for the fees to be paid to counsel (Doc. No. 29).  With respect to counsel's fees, the Order noted:

> [T]he Court finds the amount agreed to be paid to counsel to be unsupported, and thus, cannot approve it as fair and reasonable. There is no indication as to how many hours counsel spent on the matter, the rate normally charged for such services, nor whether or not the agreement reflects actual fees incurred or a compromise. The docket does not reflect significant proceedings or discovery that would, without further explanation, support a $6,000.00 fee award. In sum, there is no basis upon which to approve the fee award.

*Id.*

As leave was given to renew the motion upon a more substantial showing, the parties filed an Amended Motion to Approve Settlement (Doc. No. 30), which the Court again denied (Doc. No. 31). As explained by the Court, the amended motion still failed to present sufficient information to evaluate whether the damage settlement was fair, and the attorney's fees showing presented by the parties continued to be inadequate.[1]  The Court stated:

> Here, despite an Order to provide a showing as to the reasonableness of claimed attorney's fees, the parties have failed to provide the Court with any information sufficient to calculate the lodestar (reasonable rate multiplied by reasonable number of hours). As such, the Court cannot determine that the fee is reasonable or warranted here. Under these circumstances, the Court does not find that the settlement is a "fair and reasonable resolution" of Plaintiff's FLSA claims.

> The motion is denied. The parties are offered a final opportunity within the next 14 days to clarify the claim, the basis for the settlement, and the required support for the attorney's fee.

(Doc. No. 31).

The instant motion purports to be the parties' best and final attempt to provide the Court with the required showing.  As this showing, too, is inadequate, the Court **respectfully recommends** that the Court **deny** the motion, to the extent is seeks a finding that the settlement is fair and reasonable pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

---

[1]
Specifically as to fees, the parties presented a bare bones showing that "counsel, combined, will receive a total of $6,000 which is based upon the attorneys' combined hours of work at a rate $250 an hour for each attorney plus costs incurred" (Doc. No. 30).  The Court found it was unclear whether the $6000 represented a compromise on the actual amount of hours incurred, as the number of hours was not specified and the inclusion of unspecified costs made it impossible to extrapolate the amount of hours from the total "negotiated." The Court also rejected the parties' reliance on *Bonetti v.Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug.4, 2009). (Doc. No. 31).

**Issues and Analysis**

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food, supra*, 679 F. 2d at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  Nonetheless, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Applied here, the parties contend that Plaintiff's original claim was overstated, and the parties settled based on the strength of Defendant's affirmative defense that all of its employees were exempt from FLSA, pursuant to the Motor Carrier Exemption (Doc. No. 32).  As the Court noted in prior Orders, the ultimate amount of the settlement presents a significant reduction from the original claim. The parties now claim that the settlement amount "reflects only a 31% reduction of the potential amount owed  ($13,000) based upon Defendant's calculations," and the settlement is fair, in view of

Defendant's evidence.  Even assuming the explanation supports the damage settlement to Plaintiff, the lack of any showing of reasonableness with respect to attorney's fees vitiates the "fairness" of the settlement.

Despite repeated direction from the Court, the parties did not present evidence of reasonable hours spent and reasonable rates to calculate the lodestar.  Instead, the parties present the following unsworn argument:

> 12. During this matter, Plaintiff has been represented by John C. Curran and Rasha G. Lutfi.  Plaintiff's counsel, combined, will receive a total of $6,000. Attorneys for Plaintiff each bill at a rate of $250 an hour. (Hours of attorney time on case thus far: 8 hours for Attorney Curran and 14 hours for Attorney Lutfi.) The Plaintiff's attorneys are recovering fees on a contingency basis, 40% of the Plaintiffs recover [sic] in this matter. If Plaintiff's attorneys were to bill on an hourly basis combined attorney fees would total $5,500. In addition, Plaintiff's attorney John Curran incurred a cost of $350 for the initial filing fee on this matter for a total fees and costs expenditure of $5,850. Plaintiff's attorneys are waving any other costs they incurred as a result of representing Plaintiff in this matter. The $6,000 fee is more than reasonable considering the time and costs incurred in this matter by the Plaintiff's attorneys.

(Doc. No. 32).

Thus, the parties contend that, if they were to bill for the work, Plaintiff's counsel would receive $5,850, so a fee of $6,000 is "more than reasonable."[2]

First, argument is not evidence, and merely declaring a fee to be reasonable does not make it so.  The Court specifically requested a *showing,* not a *telling*.  In view of the clear direction given by the Court in two previous Orders to present a basis to support the award, this sparse paragraph is unpersuasive.

Even assuming the Court were to credit this unsworn paragraph as evidence of the fee, there is still no basis for concluding that the fee is reasonable.  Absent any time sheets or other description of the hours, the Court cannot determine whether or not the hours are claimed appropriately.  Indeed, as noted by the Court in previous Order, the docket does not indicate proceedings sufficient to support

---

[2]It would be more accurate to describe the proposed fee as "more than is reasonable".

$6,000 worth of work.  Further, there is no showing that $250 an hour is a reasonable rate for these counsel.  There is no showing as to their experience and qualifications and neither counsel cites to any case in this district or elsewhere where either of them were awarded such a rate for like work.

Most importantly, however, the paragraph reveals that the settlement is unreasonable on its face.  The parties represent that Plaintiff's fees are being recovered on a contingency fee basis of 40% of Plaintiff's recovery.[3]  In *Silva v. Miller,* 307 Fed. Appx. 349 (11th Cir. 2009), however, the Eleventh Circuit questioned the validity of contingency fee agreements in FLSA cases, holding:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA.  FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food,* 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla.2008).

*Silva*, 307 Fed.Appx. at 351-352.

Finally, there is simply no way to justify a fee that is in excess of the lodestar, even as calculated by the parties.

> When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. [footnote omitted] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs. [footnote omitted] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC,* Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D.Fla.

---

[3]The 40% figure apparently was applied to the total amount being paid by Defendant. $6,000 is obviously not 40% of the amount Plaintiff is slated to receive under this proposed settlement.

June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

*Jaskulski v. Blue Martini Orlando, LLC,* 2010 WL 4122207, 2 (M.D. Fla. 2010), adopted by Chief Judge Conway in *Jaskulski v. Blue Martini Orlando, LLC ,* 2010 WL 4003714 (M.D. Fla. 2010). Here, Plaintiff has compromised his claim considerably, yet his counsel are to be rewarded in an amount that exceeds full compensation for their time. Such an arrangement smacks of self interest at the Plaintiff's expense.

The Court has given the parties multiple opportunities to present a basis for approving the settlement as fair and reasonable. As they have not done so, and it appears that they cannot do so, it is **respectfully recommended** that the motion be **denied,** and that **no** finding of reasonableness under *Lynn's Food* be made.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 26, 2011.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy