# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CARLOS G. FIGUEROA,**

**Plaintiff,**

**-vs-**                                                              **Case No.  6:10-cv-842-Orl-22DAB**

**RSC CORPORATION a Florida
corporation d/b/a  Ace Wrecker Service,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **AMENDED JOINT MOTION TO APPROVE
> SETTLEMENT (Doc. No. 37)**
>
> **FILED:**        **June 23, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. The
> hearing set for July 19, 2011 is hereby **CANCELED.**

The parties filed a Notice of Settlement (Doc. No. 26) in this Fair Labor Standards Act

("FLSA") case, and the Court issued an Order directing the parties to file a motion for a fairness

finding supported by the settlement agreement (Doc. No. 27), pursuant to *Lynn's Food Stores, Inc.*

*v. United States,* 679 F.2d 1350 (11th Cir. 1982). The parties filed their first motion for approval of

the settlement (Doc. No. 28), and the Court denied it, without prejudice, finding that the parties failed

to articulate a basis for the compromise and failed to provide any support for the fees to be paid to counsel (Doc. No. 29).

As leave was given to renew the motion upon a more substantial showing, the parties filed an Amended Motion to Approve Settlement (Doc. No. 30), which the Court again denied (Doc. No. 31). As explained by the Court, the amended motion still failed to present sufficient information to evaluate whether the damage settlement was fair, and the attorney's fees showing presented by the parties continued to be inadequate.

Undeterred, the parties filed a Second Amended Motion to Approve Settlement (Doc. No. 32), purporting to be the parties' best and final attempt to provide the Court with the required showing. In a Report to the District Court, the undersigned recommended that the Court deny that motion, finding the settlement to be "unreasonable on its face." (Doc. No. 33). The District Court adopted that finding, denied the motion, and referred the matter (Doc. No. 34), and this Court scheduled a settlement conference (Doc. No. 36). The instant motion filed in advance of that conference presents a *new* settlement. Upon review, the Court finds the parties have made an adequate showing and therefore **respectfully recommends** that the motion be **granted**, and the settlement be approved.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under 29 U.S.C. § 216(b), to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food, supra*, 679 F. 2d at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall,

in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Nonetheless, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Applied here, the parties contend that Plaintiff's original claim was overstated, and the parties settled based on the strength of Defendant's affirmative defense of the applicability of the Motor Carrier Exemption, and contrary evidence with respect to the number of hours worked. In the instant motion, Plaintiff calculates his damages as $6,500.00 in unpaid overtime, and a like amount for liquidated damages. The settlement agreement reflects that Plaintiff is to receive $4,950.00 for alleged unpaid overtime, and $4,950.00 for alleged liquidated damages. In view of the strength of the affirmative defenses and the admitted miscalculation as to the amount of the claim, the Court finds this to be a reasonable compromise, as stipulated by the parties.

With respect to the claim for attorney's fees, the agreement provides for an award of $1,750.00 in fees (7 hours at $250 an hour) plus costs of $350 (filing fee) to attorney John Curran, and an award of $3,000.00 in fees (12 hours at $250 an hour) to co-counsel, attorney Rasha Lufti. The Court finds this amount to be on the high side, considering the absence of citation to any case in this district where either counsel was awarded such a fee by the Court. Nonetheless, in view of the tortured history of this case, and in recognition of the fact that the current settlement reduces the fees first agreed to and

increases the recovery to Plaintiff, the Court recommends, albeit somewhat reluctantly, that the motion be **granted,** and the Court approve the settlement agreement and dismiss the case, with prejudice.

The settlement conference scheduled for July 19, 2011 is hereby canceled.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 7, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy